WILLIAM H. SEWELL *vs.* WILLIAM PURNELL, Executor of Benjamin Purnell.

New Castle County, May Term, 1893.

**Witness.  Deposition.**—A witness may give oral testimony though his deposition has been taken.

Action of assumpsit for services rendered as a nurse during the sickness of Benjamin Purnell.

At the trial Viola S. Purnell, being called as a witness for the plaintiff, *Nields*, for defendant, objected, contending that there was a commission issued out of this Court to Arthur· M. Burton, of Philadelphia, Pa., to take the testimony of this witness, and that her testamony was taken upon interrogatories filed and cross-interrogatories; that the testimony had been returned, and is here in the Court and is part of the record, and that, therefore, oral testimony by the witness was inadmissible touching any matter inquired of in the interrogatories or cross-interrogatories, to which her answers had already been taken.    He contended that this was not the case of away-going witness, where the verbal testimony of the witness was admissible, even though the deposition had already been obtained.

*Churchman,* for plaintiff, replied : The only reason for taking the testimony of this witness by deposition was a doubt whether her attendance could be secured, but she is here for examination and cross-examination.

CULLEN, J. The reason for taking a commission is that the party may have the benefit of the testimony, if the witness resides out of the State. If the attendance of the witness can be secured the Court will not allow depositions to be taken. It proceeds on the ground that the best evidence should be taken. Where the witness is produced the purposes of justice may be better served by examination and cross-examination in open court. I think in the absence of any authority to the contrary that the oral testimony is admissible.

LORE, C. J. I concur with the views expressed. In the case of *Flynn vs. P., W. and B. R. R. Co.,* 1 Houst. 469, the Court ruled that the deposition of a witness might be read, although the witness was in court, but did not say that the witness could not be examined.